(Reap. Dec. 8461)

ALLTRANSPORT, INCORPORATED, ET AL. *v.* UNITED STATES

Entry No. 761209, etc.

(Decided July 14, 1955)

*Siegel, Mandell & Davidson* for the plaintiffs.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED by and between counsel for the parties hereto that the merchandise involved in the Appeals to Reappraisement enumerated on the schedule attached hereto and made a part hereof consists of Pixie Phonographs, item No. 54.

IT IS FURTHER STIPULATED AND AGREED that the market value or the price of said merchandise at the time of exportation of such merchandise to

the United States at which such or similar merchandise was frely [sic] offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incidental to placing the merchandise in condition, packed, ready for shipment to the United States was 108 Deutsche Marks per dozen pieces less 50% discount plus packing as invoiced and that there was no higher export value.

IT IS FURTHER STIPULATED AND AGREED that the above cases be deemed submitted upon this stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by section 8 of the Customs Administrative Act of 1938, to be the proper basis for the determination of the value of the pixie phonographs, item No. 54, here involved, and that such value was 108 deutschemarks per dozen pieces, less 50 per centum discount, plus packing as invoiced.

Judgment will be entered accordingly.